IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| GEORGE A. SAMUELS, III, | ) |
| Petitioner, | ) |
| v. | ) CIVIL ACTION NO. 5:21-cv-265 (MTT) |
| Sheriff BRAD WHITE, | ) |
| Respondent. | ) |

### ORDER

Petitioner George Samuels, III filed this 28 U.S.C. § 2241 habeas case on July 28, 2021. Doc. 1. On August 17, 2021, United States Magistrate Judge Stephen Hyles ordered Samuels to amend or supplement his habeas petition by September 17, 2021. Doc. 4 at 2. Samuels failed to do so. On September 14, 2022, defendant Brad White moved to dismiss Samuels' petition because Samuels was released from White's custody on March 24, 2022 after having been sentenced. Doc. 15 at 1. The Magistrate Judge ordered Samuels to respond to White's motion to dismiss, and informed him of the consequences of his failure to do so. Doc. 16. Samuels did not respond. On October 17, 2022, the Magistrate Judge ordered Samuels to show cause why his case should not be dismissed for failure to comply with the court's orders and to notify the court of a change of address, a duty Samuels was previously informed on. Docs. 4 at 2 ("Petitioner is advised that his failure to keep the Clerk of the Court informed as to any change of address may result in the dismissal of this action."); 19 at 2. Again, Samuels failed to respond.

Samuels has failed to follow court orders, prosecute his case, or keep the court informed of his change of address.  Pursuant to Fed. R. Civ. P. 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order," his claims may be dismissed.[1]  Moreover, "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *Betty K Agencies, Ltd. v. M/V MONADA,* 432 F.3d 1333, 1337 (11th Cir. 2005).  Because Samuels has failed to prosecute his case or comply with the court's orders, dismissal is appropriate.

Accordingly, Samuels' § 2241 petition for habeas corpus is **DISMISSED without prejudice** and White's motions to dismiss (Docs. 15; 17) are **TERMINATED as moot**.

**SO ORDERED**, this 13th day of January, 2023.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[1] Though Rule 41(b) by its terms applies only to dismissal on a defendant's motion, the Eleventh Circuit has "elide[d] th[e] neat distinction" between a district court's dismissal pursuant to Rule 41(b) and dismissal pursuant to its inherent authority in many of its decisions.  *Betty K Agencies, Ltd. v. M/V MONADA,* 432 F.3d 1333, 1337 (11th Cir. 2005); *see also World Thrust Films, Inc. v. Int'l Fam. Ent., Inc.*, 41 F.3d 1454, 1456 (11th Cir. 1995).  Regardless of the source of authority, it is clear the Court may dismiss an action as a sanction for failure to prosecute or for failure to comply with a court order.